UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES THEODORE ALECK and
TIA DANIELLE FRASER,

    Plaintiffs,

v.

HAVENPARK MANAGEMENT, LLC
and SPRINGBROOK ESTATES,

    Defendants.
_____/

Case No. 2:23-cv-10820
District Judge George Caram Steeh
Magistrate Judge Kimberly G. Altman

**<u>ORDER DENYING
PLAINTIFFS' MOTION TO STRIKE (ECF No. 19)
AND
REPORT AND RECOMMENDATION
TO DENY PLAINTIFFS' MOTION
FOR DEFAULT JUDGMENT (ECF No. 16)
AND
TO DENY WITHOUT PREJUDICE AS PREMATURE
PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 3, 9)</u>**[1]

I.    Introduction

This is a consumer rights action. Plaintiffs James Theodore Aleck and Tia

---

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2). The undersigned resolves the motion to strike by order because it is nondispositive and the motions for default judgment and summary judgment by Report and Recommendation because they are dispositive. *See* 28 U.S.C. § 636(b)(1).

Danielle Fraser, proceeding *pro se*, are suing defendants Havenpark Management, LLC and Springbrook Estates over a dispute related to their agreements to lease a manufactured home and land in Romeo, Michigan. *See* ECF No. 1. The original lease agreements were executed on September 1, 2020, and expired on August 31, 2021. (ECF No. 1, PageID.22). At the time plaintiffs filed this lawsuit, there was a related eviction action pending in state court. (*Id.*, PageID.34). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 10).

Plaintiffs have filed four motions that are now ready for consideration. They will be addressed in the following order: (1) motion to strike defendants' filings, (ECF No. 19); (2) motion for default judgment, (ECF No. 16); and (3) motions for summary judgment, (ECF Nos. 3, 9). For the reasons set forth below, plaintiffs' motion to strike defendants' filings will be DENIED. Further, it will be RECOMMENDED that plaintiffs' motion for default judgment be DENIED and their motions for summary judgment be DENIED WITHOUT PREJUDICE because they were prematurely filed.

II. Background

A. Overview

Plaintiffs executed two lease agreements on September 1, 2020—one for a manufactured home (residential lease) and the other for the lot on which the home

sits (homesite lease). (ECF No. 15, PageID.90-123). The original lease terms expired on August 31, 2021. (*Id*., PageID.91, 109).

The homesite lease provides: "Landlord will provide Resident with a 30-day written notice of any proposed increase to Rent or change in lease terms prior to the end of the term." (*Id*., PageID.92). The homesite lease further provides: "NO AMENDMENTS: Resident acknowledges receipt of a copy of this Homesite Lease and agrees that such shall not be modified or amended except as expressly set forth in writing and executed by the parties." (*Id*., PageID.106). The residential lease contains similar provisions. (*Id*., PageID.109, 122).

On April 10, 2023, when plaintiffs filed their complaint, a related eviction action was pending in state court. (ECF No. 1, PageID.34). In their response to plaintiffs' motions for summary judgment, defendants say that the eviction case was dismissed after plaintiffs "paid their rent arrearage." (ECF No. 14, PageID.73).

B.   Procedural History

Below is a timeline of the relevant filings in this case:

- **April 10, 2023:**
    - Complaint (ECF No. 1)
    - Plaintiffs' First Motion for Summary Judgment (ECF No. 3)
- **May 1, 2023:**
    - Joint Answer (ECF No. 5)
- **May 8, 2023:**
    - Request for Clerk's Entry of Default (ECF No. 6)
    - Notice of Denial of Clerk's Entry of Default (ECF No. 7)

3

- **May 9, 2023:**
    - Plaintiffs' Second Motion for Summary Judgment (ECF No. 9)
    - Order Referring All Pretrial Matters to the Undersigned (ECF No. 10)
- **May 11, 2023:**
    - Order Directing Defendants to Respond to Plaintiffs' Motions for Summary Judgment by June 2, 2023 (ECF No. 11)
- **June 2, 2023:**
    - Defendants' Response and Brief to Motions for Summary Judgment (ECF Nos. 14, 15)
- **June 5, 2023:**
    - Motion for Default Judgment (ECF No. 16)
- **June 20, 2023:**
    - Response to Motion for Default Judgment (ECF No. 18)
- **June 22, 2023:**
    - Plaintiffs' Motion to Strike (ECF No. 19)
- **July 6, 2023:**
    - Response to Plaintiffs' Motion to Strike (ECF No. 21)
- **July 12, 2023:**
    - Supplemental Brief in Support of Motion to Strike (ECF No. 22)

III.   Motion to Strike (ECF No. 19)

A.   Parties' Arguments

In their motion to strike, plaintiffs request that the Court strike "all filings" made by defendants. (ECF No. 19, PageID.155). Plaintiffs say that defendants' filings are improper because defendants have not mailed the filings to them and they never consented to be served electronically. (*Id.*, PageID.156). Plaintiffs also request the Court enter judgment against defendants. *See* ECF No. 19.

In response, defendants cite Eastern District of Michigan Local Rule 5.1.1 to argue that they are required to file everything electronically. (ECF No. 21,

4

PageID.163).

In reply, plaintiffs reiterate that defendants' filings are improper and that they did not consent to be served electronically. (ECF No. 22, PageID.166).

### B. Discussion

"[T]he Court has the inherent power to control its docket, which includes the power to strike a document or a portion of a document." *Benzaoual v. OhioHealth Corp.*, No. 2:19-cv-3366, 2021 WL 2712174, at *5 (S.D. Ohio July 1, 2021). Under Rule 9(e) (service) of the Electronic Filing Policies and Procedures for this district, *pro se* parties are "entitled to a hard copy of any paper filed electronically. Service of such copy must be made according to the federal rules of procedure (civil and criminal) and local rules."[2]

Based on the parties' motion papers, it appears that defense counsel may have failed to serve hard copies of defendants' filings on plaintiffs. Although the Court sees no need to strike defendants' filings, defense counsel shall mail hard copies of ALL past and future filings to plaintiffs.

### IV. Motion for Default Judgment (ECF No. 16)

### A. Parties' Arguments

In their motion for default judgment, plaintiffs again argue that defendants

---

[2] https://www.mied.uscourts.gov/PDFFIles/policies_procedures.pdf (last visited Aug. 21, 2023).

have failed to properly serve them with their filings warranting default judgment. (ECF No. 16).

In response, defendants argue that default judgment is inappropriate because they filed a timely answer and the Clerk denied plaintiffs' request for entry of default. Defendants further argue that they have properly filed everything electronically as required under the local rules. (ECF No. 18).

B.  Discussion

Under Federal Rule of Civil Procedure 55, plaintiffs must follow a two-step process to obtain a default judgment against a defendant. Fed. R. Civ. P. 55. First, under subsection (a), plaintiffs must request and obtain the Clerk's entry of default against the defendant. Fed. R. Civ. P. 55(a). Second, under subsection (b), plaintiffs must move for entry of a default judgment either by the Clerk or the district court. Fed. R. Civ. P. 55(b).

As explained above, it appears that defendants have failed to properly serve hard copies of all of their filings on plaintiffs. However, a default judgment is not warranted where, as here, defendants have timely filed an answer and responses to motions and as evidenced by plaintiffs' filings, plaintiffs have been able to review defendants' filings electronically. Moreover, the Clerk denied plaintiffs' request for entry of default as to defendants because they had filed an answer to the complaint. (ECF No. 7). Entry of a default is a prerequisite to a default judgment.

6

Thus, the undersigned recommends that plaintiffs' motion for default judgment be denied.

V. Motions for Summary Judgment (ECF Nos. 3, 9)

A. Parties' Arguments

On April 10, 2023, plaintiffs filed the complaint, (ECF No. 1), as well as their first motion for summary judgment, (ECF No. 3). In their April 10, 2023 motion, plaintiffs request an "[i]mmediate injunction" stopping defendants from taking any "further action" in the eviction case, money damages, and the ownership of both the manufactured home and lot on which it sits. (*Id.*, PageID.37-38). Plaintiffs argue that defendants' "attorney has admitted receipt of [their] contract amendment dated 01/23/2023 . . . explaining the changes to the contract in dispute under U.C.C. § 2A-208(1)." (*Id.*, PageID.39). Because defendants "failed to respond within 30 days of receipt of this notice to modify the agreement[,]" the modification is now binding. (*Id.*, PageID.39-40).

On May 9, 2023, about a week after defendants filed their answer, plaintiffs filed their second motion for summary judgment. (ECF No. 9). In addition to making the same arguments presented in their first motion for summary judgment, plaintiffs also assert that defendants failed to file a timely answer. (*Id.*, PageID.60). Plaintiffs say that defendants were served via certified mail on April 11, 2023, and that they were required to file an answer within 21 days of that date.

(*Id.*). The Court notes, however, that defendants filed their answer on May 1, 2023, (ECF No. 5), which falls within that timeframe.

In response[3] to plaintiffs' motions for summary judgment, defendants argue that plaintiffs are not entitled to any relief. (ECF Nos. 14, 15). Specifically, they deny the existence of the January 23, 2023 modification to the lease agreement. (ECF No. 14, PageID.72-73). Defendants further argue that there is no privity of contract between plaintiffs and Havenpark Management, LLC and that the eviction case has been dismissed after plaintiffs "paid their rent arrearage." (*Id.*, PageID.73). Next, defendants say that plaintiffs' motions should be denied because they do not comply with Federal Rule of Civil Procedure 55(c). (*Id.*, PageID.74). Defendants also say that the following "genuine questions of material fact" remain: (1) whether defendants provided plaintiffs "with an accounting of their rent arrearage[;]" (2) whether the eviction action violated the Fair Debt Collection Practices Act; (3) whether plaintiffs " 'dishonored' a 'self-executing contract' " and the identification of what contract plaintiffs are referring to; (4) whether plaintiffs properly modified their leases under their terms; and (5) whether defendants filed a timely answer in this matter. (*Id.*, PageID.74-75). Defendants also note that plaintiffs cannot establish irreparable harm as required to obtain

---

[3] The Court directed defendants to file a response by June 2, 2023. (ECF No. 11). Their response was filed on that date. (ECF No. 14).

8

injunctive relief because the eviction case was dismissed when plaintiffs paid their rent arrearage. (*Id.*, PageID.75-76).

### B.  Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion"). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that plaintiffs are *pro se* does not reduce their obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

C. Application

"Before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1195 (6th Cir. 1995); *Wells v. Corp. Accts. Receivable*, 683 F. Supp. 2d 600, 602 (W.D. Mich. 2010) ("[A] motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's . . . affidavit and request or on the court's own initiative without an explicit request from the opposing party."). This principle has been upheld by numerous judges in this district. For example, in *CLT Logistics v. River W. Brands*, 777 F. Supp. 2d 1052, 1076 (E.D. Mich. 2011), the court denied without prejudice the defendants' motion for summary judgment when it was filed less than a month after the

10

complaint and before any discovery had taken place.

Plaintiffs filed their first motion for summary judgment before defendants had been served. They filed their second motion approximately a week after defendants filed their answer. No scheduling order has ever been entered. Defendants explain in their motion and supporting brief that there are several factual disputes in this case. *See* ECF Nos. 14, 15. In light of these circumstances, it is recommended that plaintiffs' motions for summary judgment be denied as premature.

Plaintiffs also request an "Immediate Injunction" with respect to the eviction case. (ECF No. 3, PageID.37). It is not clear precisely what type of injunctive relief plaintiffs seek, but this is irrelevant since courts in the Sixth Circuit apply the same standard to a motion for a temporary restraining order (TRO) as to a motion for a preliminary injunction. *Summit Cnty. Democratic Cent. & Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Under that standard, the factors are: (1) whether the movants have a strong likelihood of success on the merits, (2) whether the movants would suffer irreparable injury absent a TRO or preliminary injunction, (3) whether granting the TRO or preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be served by granting the TRO or preliminary injunction. *Ne. Ohio Coal. for Homeless & Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir.

2006).

Here, plaintiffs cite the possibility of eviction as an irreparable harm. Yet it appears the eviction case has since been dismissed, meaning plaintiffs are no longer in danger of irreparable harm. As one court in this district has explained, "[a] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction. Without such a showing, the Court cannot issue a preliminary injunction." *Mount Clemens Inv. Grp. v. Borman's Inc.*, No. 10-12679, 2010 WL 3998095, at *4 (E.D. Mich. Oct. 12, 2010) (cleaned up). Thus, because plaintiffs are no longer at risk of eviction, their request for an injunction should be denied.

If the recommendations in this Report and Recommendation are adopted, the undersigned plans to enter a scheduling order containing dates for discovery and dispositive motion practice. Plaintiffs may file a renewed motion for summary judgment after the close of discovery.

## VI. Conclusion

For the reasons stated above, plaintiffs' motion to strike defendants' filings, (ECF No. 19), is DENIED. Defendants are ORDERED to mail plaintiffs all of their past, present, and future filings in this case.

Further, the undersigned RECOMMENDS that plaintiffs' motion for default judgment, (ECF No. 16), be DENIED and their motions for summary judgment,

(ECF Nos. 3, 9), be DENIED WITHOUT PREJUDICE as premature.

Dated: August 22, 2023　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2023.

                                                    s/Carolyn Ciesla
                                                  CAROLYN CIESLA
                                                  Case Manager