UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES THEODORE ALECK and
TIA DANIELLE FRASER,

    Plaintiffs,

v.

HAVENPARK MANAGEMENT, LLC
and SPRINGBROOK ESTATES,

    Defendants.
_____/

Case No. 2:23-cv-10820
District Judge George Caram Steeh
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING DEFENDANTS' EMERGENCY MOTION
TO VACATE NOTICE OF LIS PENDENS (ECF No. 31)**[1]

### I. Introduction

This is a consumer rights action. Plaintiffs James Theodore Aleck and Tia Danielle Fraser, proceeding *pro se*, are suing defendants Havenpark Management, LLC and Springbrook Estates over a dispute related to their agreements to lease a manufactured home and land in Romeo, Michigan. *See* ECF No. 1. The original lease agreements were executed on September 1, 2020, and expired on August 31, 2021. (ECF No. 1, PageID.22). At the time plaintiffs filed this lawsuit, there was

---

[1] When setting the expedited briefing schedule on this motion, the Court informed the parties that it would not be holding a hearing on this matter. Additionally, the undersigned resolves the motion by order because it is not one of the motions listed in 28 U.S.C. § 636(b)(1)(A) and it is also nondispositive.

1

a related eviction action pending in state court.  (*Id.*, PageID.34).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 10).

Before the Court is defendants' emergency motion to vacate the notice of lis pendens filed by plaintiffs.  (ECF No. 31).  This motion is fully briefed, (ECF Nos. 32, 35, 36), and ready for consideration.  For the reasons set forth below, the motion will be GRANTED.

## II.    Background

Plaintiffs executed two lease agreements on September 1, 2020—one for a manufactured home (residential lease) and the other for the lot on which the home sits (homesite lease).  (ECF No. 15, PageID.90-123).  The original lease terms expired on August 31, 2021.  (*Id.*, PageID.91, 109).

The homesite lease provides: "Landlord will provide Resident with a 30-day written notice of any proposed increase to Rent or change in lease terms prior to the end of the term."  (*Id.*, PageID.92).  The homesite lease further provides: "NO AMENDMENTS: Resident acknowledges receipt of a copy of this Homesite Lease and agrees that such shall not be modified or amended except as expressly set forth in writing and executed by the parties."  (*Id.*, PageID.106).  The residential lease contains similar provisions.  (*Id.*, PageID.109, 122).

On April 10, 2023, when plaintiffs filed their complaint, a related eviction

2

action was pending in state court. (ECF No. 1, PageID.34). In one of their earlier filings, defendants say that the eviction case was dismissed after plaintiffs "paid their rent arrearage." (ECF No. 14, PageID.73).

### III. Discussion

#### A.

On June 2, 2023, plaintiffs filed a notice of lis pendens with the Macomb County Register of Deeds for the homesite at issue. (ECF No. 12). "The purpose of a notice of *lis pendens* . . . is 'to warn all persons that certain property is the subject matter of litigation.' " *In re Rosich*, 585 B.R. 868, 869 (Bankr. W.D. Mich. 2018) (quoting *Black's Law Dictionary* 950 (8th ed. 2004)). "The effect of the filing of a notice of *lis pendens* is to cause after-acquired interests in the property to be taken subject to the outcome of the litigation." *Id.*

"Michigan law authorizes the filing of a notice of pendency of a lawsuit, or lis pendens, to render constructive notice of the suit to purchasers of real property." *Chirco v. Gateway Oaks, L.L.C.*, 384 F.3d 307, 308 (6th Cir. 2004) (citing Mich. Comp. Laws § 600.2701). "The Michigan lis pendens statute 'applies to suits affecting *title to real property* in the federal courts.' " *Id.* (quoting Mich. Comp. Laws § 600.2735(1) (emphasis in case)); *see also* 28 U.S.C. § 1964 (providing that lis pendens filed in federal court must comply with state law filing requirements).

Under Michigan law, a trial court can cancel (or vacate or quash) a notice of

3

lis pendens if it (1) does not meet the statutory requirements or (2) if the court determines that under equitable principles, "the benefits of the notice are far outweighed by the damage it causes." *Altman v. City of Lansing*, 115 Mich. App. 495, 507 (1982).

B.

Here, defendants argue both that the lis pendens is improper under the relevant statute and that the balance of equities weighs in their favor. Each ground will be considered in turn below.

1.

As to whether the notice of lis pendens meets the statutory requirements, the relevant statute provides:

> To render the filing of a complaint constructive notice to a purchaser of any real estate, the plaintiff shall file for record, with the register of deeds of the county in which the lands to be affected by such constructive notice are situated, a notice of the pendency of such action, setting forth the title of the cause, and the general object thereof, together with a description of the lands *to be affected thereby*.

Mich. Comp. Laws § 600.2701 (emphasis added). "An action affects property if it affects the title to the property or the right to possess, use or enjoy it." *Pasionek v. Pasioneki*, No. 1:21-cv-12651, 2022 WL 1404660, at *3 (E.D. Mich. May 4, 2022) (cleaned up).

In their complaint, plaintiffs seek multiple forms of relief including "full possession Title, Claim, and Ownership free and clear of any liens, of the property

4

in controversy." (ECF No. 1, PageID.4). While it is unclear at this time whether this form of relief is available to plaintiffs, assuming *arguendo* that it is, this action would be one that *affects* property and is therefore covered by the lis pendens statute. In other words, the notice appears to satisfy the statutory requirements.

2.

However, as to the second ground—equity—courts considering whether to vacate a notice of lis pendens can look to the risk of harm to each party as well as a plaintiff's likelihood of success on the merits of their claims. *Altman*, 115 Mich. App. at 507. As explained by defendants, the risk of harm to them is great and minimal at best to plaintiffs. Defendants are currently "unable to lock in a favorable interest rate or proceed with an advantageous refinancing" of one of its manufactured home communities. (ECF No. 32, PageID.227). Meanwhile, plaintiffs have already moved out of their home in the community, (*Id.*, PageID.229), and can still obtain monetary damages if they prevail on their claims. Indeed, plaintiffs explain in their response that they "vacated the home under [d]uress to secure a better home environment for [their] children, outside of the control of the Springbrook Estates Manufactured Home Community." (ECF No. 35, PageID.296 (emphasis omitted)).

Under these circumstances, the notice of lis pendens should be vacated "on equitable grounds [because] the benefit of the notice is 'too minimal' to justify the

harm that it causes. *Pasionek*, at *4 (quoting *Altman*, 115 Mich. App. at 507). Overall, balancing the equities weighs in favor of vacating the notice of lis pendens. Thus, the notice of lis pendens will be vacated.

### IV.  Conclusion

For the reasons stated above, defendants' motion to vacate the notice of lis pendens, (ECF No. 31), is GRANTED.

SO ORDERED.

Dated: October 18, 2023　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 18, 2023.

　　　　　　　　　　　　　　　　　　　s/Carolyn Ciesla
　　　　　　　　　　　　　　　　　　　CAROLYN CIESLA
　　　　　　　　　　　　　　　　　　　Case Manager