UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES THEODORE ALECK and
TIA DANIELLE FRASER,

    Plaintiffs,

v.

HAVENPARK MANAGEMENT, LLC
and SPRINGBROOK ESTATES,

    Defendants.
_____/

Case No. 2:23-cv-10820
District Judge George Caram Steeh
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTION TO DISMISS
OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT (ECF No. 41)
AND
TO DENY PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT (ECF No. 39)**[1]

I.     Introduction

This is a consumer rights action. Plaintiffs James Theodore Aleck and Tia Danielle Fraser, proceeding *pro se*, are suing defendants Havenpark Management, LLC and Springbrook Estates over a dispute related to their agreements to lease a manufactured home and land in Romeo, Michigan. *See* ECF No. 1. The original

---

[1] Upon review of the parties' papers, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

lease agreements were executed on September 1, 2020, and expired on August 31, 2021. (ECF No. 1, PageID.22). At the time plaintiffs filed this lawsuit, there was a related eviction action pending in state court. (*Id*., PageID.34). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 10).

Before the Court are two dispositive motions: a motion for summary judgment, (ECF No. 39), filed by plaintiffs and a motion to dismiss or, alternatively, for summary judgment, (ECF No. 41), filed by defendants. Plaintiffs' motion is fully briefed, (ECF Nos. 51, 52, 57), and the time for the filing of a response to defendants' motion has passed, *see* ECF No. 49. Accordingly, the motions are now ready for consideration.[2]

For the reasons set forth below, it is RECOMMENDED that defendants'

---

[2] The undersigned could not issue the instant Report and Recommendation until plaintiffs' appeal of a non-dispositive order was resolved. The appeal concerned an order to show cause requiring defendants to address issues related to the mailing of hard copies to plaintiffs. *See* ECF No. 44. The undersigned found defendants' response to the order satisfactory, (ECF No. 49), and plaintiffs' then filed objections with the district court, (ECF No. 50). The district court overruled the objections, (ECF No. 56), and later denied a motion for reconsideration on the same issue, (ECF No. 59). Plaintiffs appealed the district court's order on their motion for reconsideration to the Sixth Circuit. (ECF No. 60). On May 20, 2024, the Sixth Circuit entered an order dismissing the appeal for lack of appellate jurisdiction. (ECF No. 63). A judgment issued the same day. (ECF No. 64). As a result of the Sixth Circuit's ruling, and because no mandate will issue on this appeal, the Court now has jurisdiction to consider the pending motions. *See* Fed. R. App. P. 41(a).

motion be GRANTED and plaintiffs' motion be DENIED. If these recommendations are adopted, plaintiffs' federal law claims will be DISMISSED WITH PREJUDICE and their state law claim will be DISMISSED WITHOUT PREJUDICE.

## II. Background

Plaintiffs executed two lease agreements on September 1, 2020—one for a manufactured home (residential lease) and the other for the lot on which the home sits (homesite lease). (ECF No. 15, PageID.90-123). The original lease terms expired on August 31, 2021. (*Id*., PageID.91, 109).

The homesite lease provided: "Landlord will provide Resident with a 30-day written notice of any proposed increase to Rent or change in lease terms prior to the end of the term." (*Id*., PageID.92). The homesite lease further provided: "NO AMENDMENTS: Resident acknowledges receipt of a copy of this Homesite Lease and agrees that such shall not be modified or amended except as expressly set forth in writing and executed by the parties." (*Id*., PageID.106). Additionally, rent could be paid by electronic transfer, check, or money order, but not by cash. (*Id.*, PageID.94). The residential lease contained similar provisions. (*Id*., PageID.109, 122).

Issues arose between the parties when plaintiffs attempted to pay their rent with a coupon that they created, instead of by electronic transfer, check, or money

order. Additionally, plaintiffs attempted to unilaterally modify the leases by mailing defendants a "self-executing" contract that purported to become effective if defendants did not respond within thirty days. *See* ECF No. 1.

When plaintiffs fell behind on their rent, defendants filed an eviction action in state court. (ECF No. 1, PageID.34; ECF No. 41, PageID.397-399). The eviction case was later dismissed after plaintiffs "paid their rent arrearage." (ECF No. 14, PageID.73).

To the extent that the complaint can be understood, it appears to assert federal law claims under the Fair Debt Collection Practices Act, the Fair Credit Billing Act, the Truth in Lending Act, and the Fair Housing Act, as well as a state law contract claim.

### III. Legal Standards

#### A. Motions to Dismiss[3]

When deciding a motion to dismiss under Federal Rule of Civil Procedure

---

[3] Defendants filed their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) after first filing an answer. "This, however, is not detrimental to" the motion because the Court can "construe [defendants'] motion to dismiss as a motion for judgment on the pleadings pursuant to Rule 12(c)." *Doe v. Sentech Employment Servs., Inc.*, 186 F. Supp. 3d 732, 736 (E.D. Mich. 2016). "The standard of review applicable to a motion for judgment on the pleadings is the same standard applicable to a motion to dismiss under Rule [(12)](b)(6)." *Id.* Thus, the undersigned considers defendants' motion as a motion for judgment on the pleadings.

12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even in pleadings drafted by *pro se* parties, " 'courts should not have to guess at the nature of the claim asserted.' " *Frengler v. Gen. Motors*, 482

5

F. App'x 975, 976-977 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. . . .  [N]either may the Court 'conjure up unpled allegations[.]' " *Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).

       B.  Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion").

"Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that plaintiffs are *pro se* does not reduce their obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV. Discussion

### A. Defendants' Motion

#### 1. Subject Matter Jurisdiction

Defendants raise issues regarding subject matter jurisdiction in their motion. As noted above, the complaint references various federal statutes including the Fair Debt Collection Practices Act, the Fair Credit Billing Act, the Truth in Lending Act, and the Fair Housing Act.

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs' claims arising under federal statutes fall squarely within this type of jurisdiction. Thus, the Court has jurisdiction over plaintiffs' federal law claims.

That said, "[w]hen a federal district court has original jurisdiction over a civil cause of action, § 1367 determines whether it may exercise supplemental jurisdiction over other claims that do not independently come within its jurisdiction, but that form part of the same Article III 'case or controversy.' " *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 458 (2003). Section 1367(a) provides, in pertinent part, that

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). And subsection (c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

8

>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

As will be explained below, the undersigned recommends dismissing all of plaintiffs' federal law claims, thereby implicating § 1367(c)(3). If this recommendation is adopted and plaintiffs' federal law claims are dismissed, there must be "unusual circumstances" present to warrant the Court exercising jurisdiction over the remaining state law claim. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255-57 (6th Cir. 1996). " '[U]nusual circumstances' must include 'some prejudice arising from relegating the case for trial in the state court.' " *Id*. at 1255 (quoting *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975)). Indeed, it has long been the law that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Id.* at 1254-55.

Here, no unusual circumstances exist. Defendants argue—albeit on different grounds—that the Court does not have subject matter jurisdiction over plaintiffs' contract claim. Further, plaintiffs have not explained why this Court instead of a state court should hear their contract claim. These circumstances weigh in favor the Court declining to exercise supplemental jurisdiction over plaintiffs' contract

9

claim. Thus, it is recommended that plaintiffs' contract claim be dismissed without prejudice.

### 2. Federal Law Claims

Plaintiffs list a number of federal statutes as well as the United States Constitution in their complaint; however, they do not set forth any allegations explaining how defendants violated the statutes or the Constitution. This type of pleading cannot survive a motion to dismiss.

As the Sixth Circuit has explained, plaintiffs "cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law." *16630 Southfield Ltd., P'Ship*, 727 F.3d at 504. Here, plaintiffs' "invocation of federal law . . . amounts to no more than a conclusory assertion of legal liability, which is not enough to state a claim for relief." *Hudson v. Henderson*, No. 3:23-cv-00276, 2023 WL 3690234, at *3 (M.D. Tenn. May 26, 2023). Nonetheless, given plaintiffs' *pro se* status, the undersigned will explain in further detail how plaintiffs failed to state a claim under any of the federal statutes cited in the complaint.

Additionally, because as will be explained, plaintiffs' have failed to state any viable claims under federal law, the undersigned need not consider defendants' alternative argument that plaintiffs have failed to show a genuine issue of material fact to survive summary judgment. *Nichols v. Cnty. of Wayne*, No. 18-12026, 2018

WL 6505360, at *4 n.3 (E.D. Mich. Dec. 11, 2018) ("Because [ ] relief is appropriate based upon Defendants' request for dismissal under 12(b)(6), the court need not address the alternative arguments for abstention and summary judgment.").

                        a.        Fair Debt Collection Practices Act

Plaintiffs first invoke the Fair Debt Collection Practices Act. Under this statute, "only a 'debt collector' may be held liable." *Portnoy v. Nat'l Credit Sys., Inc.*, 837 F. App'x 364, 370 (6th Cir. 2020) (citing 15 U.S.C. §§ 1692e, 1692f).

> A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." [15 U.S.C.] § 1692a(6). This excludes original creditors who use their own names to collect on their own debts or retain others to do so. *Id.* § 1692a(6)(A), (F); *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 698-99 (6th Cir. 2003) (concluding that a bank which originated a car loan was not "a 'debt collector' subject to liability under the FDCPA").

*Id.*

Here, defendants were essentially plaintiffs' landlords and thus were the original creditors to whom plaintiffs' debt (rent) was owed. As such, defendants are not debt collectors as that term is defined by the Fair Debt Collection Practices Act and they cannot be sued for violating that act.

11

b.      Fair Credit Billing Act

The next statute at issue is the Fair Credit Billing Act, which "applies only to open-end credit transactions, and, chiefly, to credit card accounts." *Crenshaw v. Experian Info. Sols., Inc.*, No. 1:15 CV 109, 2015 WL 3771691, at *3 (N.D. Ohio June 17, 2015) (internal quotation marks and citation omitted). The statute also applies only to creditors "who are defined as persons who regularly extend consumer credit payable in installments." *Phillips v. Cumberland Mountain Retreat, P.O.A.*, No. 2:06–0060, 2007 WL 540761, at *2 (M.D. Tenn. Feb. 15, 2007).

This case does not involve the extension of consumer credit such as the issuance of a credit card. Instead, it involves leases for a mobile home and the lot on which the home sits. Thus, defendants cannot be successfully sued under the Fair Credit Billing Act. *See Hayes v. Shelby Cnty. Tr.*, 971 F. Supp. 2d 717, 730 (W.D. Tenn. 2013) (dismissing claim where "[d]espite the fifteen references to the Fair Credit Billing Act in the complaint and amended complaint, there [were] no specific factual allegations in the complaint or amended complaint to support a finding that any of the defendants are creditors within the meaning of the FCBA.").

c.      Truth in Lending Act

Plaintiffs next reference the Truth in Lending Act, which "was designed to increase the information available to consumers in credit transactions." *Matthews*

*v. New Century Mortg. Corp.*, 185 F. Supp. 2d 874, 888 (S.D. Ohio 2002). Under this statute, a consumer can bring a private right of action for violations of the act. A consumer is a natural person "to whom credit is offered or extended." 15 U.S.C. § 1602(i). Here, as previously explained, plaintiffs were leasing a mobile home and lot from defendants and there are no allegations that either plaintiff applied for *credit* from either defendant. Accordingly, the Truth in Lending Act is inapplicable.

d. Fair Housing Act

The final statute mentioned is the Fair Housing Act, specifically 42 U.S.C. § 3617 which prohibits retaliation against individuals for exercising their rights under the act.

> "To state a claim under § 3617, the plaintiff . . . must establish (1) that he exercised or enjoyed a right guaranteed by §§ 3603-3606; (2) that the defendant's intentional conduct constituted coercion, intimidation, threat, or interference; and (3) a causal connection between his exercise or enjoyment of a right and the defendant's conduct." *Hood v. Midwest Sav. Bank*, 95 F. App'x 768, 779 (6th Cir. 2004). A plaintiff must also "demonstrate 'discriminatory animus' to prevail on an interference claim under the Act." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012).

*House of Providence v. Meyers*, 458 F. Supp. 3d 621, 637 (E.D. Mich. 2020).

Simply put, plaintiffs have not established any of the elements required to state a claim under § 3617. Plaintiffs owed defendants rent under the lease agreements and defendants filed an eviction case in state court because of

13

plaintiffs' failure to timely pay their rent. There is no suggestion of any discrimination. Thus, plaintiffs have failed to state a claim under § 3617 of the Fair Housing Act.

B. Plaintiffs' Motion

In their motion, plaintiffs ask the Court to grant summary judgment against defendants. However, as discussed above, plaintiffs have failed to state any federal law claims and the Court should decline to exercise supplemental jurisdiction over their state law claim. In other words, because defendants are entitled to dismissal on the ground of failure to state a claim, it follows that plaintiffs cannot obtain summary judgment against them. Accordingly, plaintiffs' motion for summary judgment should be denied.

V. Conclusion

For the reasons stated above, it is RECOMMENDED that defendants' motion to dismiss or, alternatively, for summary judgment, (ECF No. 41), be GRANTED and plaintiffs' motion for summary judgment, (ECF No. 39), be DENIED. If these recommendations are adopted, plaintiffs' federal law claims will be DISMISSED WITH PREJUDICE and their state law claim will be DISMISSED WITHOUT PREJUDICE.

Dated: May 22, 2024　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　 KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without

merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2024.

                                                            s/M. Neely
                                                            Case Manager on behalf of
                                                            Carolyn Ciesla