UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES THEODORE ALECK and
TIA DANIELLE FRASER,

        Plaintiffs,

vs.

HAVENPARK MANAGEMENT, LLC
And SPRINGBROOK ESTATES,

        Defendants.
_____/

Case No. 23-CV-10820

HON. GEORGE CARAM STEEH

ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO
REPORT AND RECOMMENDATION (ECF NO. 69), ADOPTING
THE R&R (ECF NO. 65), GRANTING DEFENDANTS' MOTION
TO DISMISS (ECF NO. 41) AND DENYING PLAINTIFFS'
<u>MOTION FOR SUMMARY JUDGMENT (ECF NO. 39)</u>

Plaintiffs James Theodore Aleck and Tia Danielle Fraser, proceeding *pro se*, brought this lawsuit against defendants Havenpark Management, LLC and Springbrook Estates over a dispute related to their agreements to lease a manufactured home and land in Romeo, Michigan. The Magistrate Judge issued a Report and Recommendation (R&R) to grant defendants' motion to dismiss or for summary judgment (ECF No. 41) and to deny plaintiffs' motion for summary judgment (ECF No. 39). The matter is before the Court on plaintiffs' timely objections. For the reasons set forth below,

- 1 -

plaintiffs' objections are overruled and the R&R is adopted as an order of the Court.

When ruling on objections to an R&R, the court conducts a *de novo* review of the portions of the R&R to which a party has filed specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

I.  Objection 1 – Background Facts

Plaintiffs allege that defendants' attorney was hired to collect a debt, therefore it is incorrect to characterize defendants as creditors as opposed to debt collectors for purposes of bringing a claim under the Fair Debt Collection Practices Act (FDCPA). Plaintiffs appear to be referring to the notice of defendants' intention to commence legal proceedings in state court to recover possession of the home and home site. This notice, as well as the court filings related to the eviction case, do not come within the purview of the FDCPA.

Plaintiffs also argue that their "self-executing contract" was not an

amendment to the lease, but an attempt to enter a new lease agreement. If this was plaintiffs' intent, it does not help their case as a new contract cannot be created unilaterally. Mutual assent, or a meeting of the minds on all of the essential elements of the agreement, is required. A meeting of the minds is judged by an objective standard. *See*, *Huntington Nat'l Bank v. Daniel J. Aronoff Living Trust*, 305 Mich.App. 496, 853 N.W.2d 481, 488 (2014) (quoting *Goldman v. Century Ins. Co.*, 354 Mich. 528, 93 N.W.2d 240, 243 (1958)). Plaintiff has not pointed to any evidence of mutual assent to enter a new contract.

Plaintiffs' first objection is overruled.

II. Objection 2 - Subject Matter Jurisdiction

The Magistrate Judge determined that the Court has subject matter jurisdiction over plaintiffs' federal claims based on federal question jurisdiction (ECF No. 65, PageID.562-63). Plaintiffs argue the Magistrate Judge erred in not also finding that subject matter jurisdiction exists based on diversity jurisdiction because the defendant is a "multi state corporation." In their motion for dismissal, defendants argued a lack of diversity jurisdiction because plaintiffs fail to demonstrate that the amount in controversy exceeds $75,000 (ECF No. 41, PageID.338-40). Plaintiffs did not respond to defendants' motion to dismiss.

In their complaint, plaintiffs seek reimbursement of $10,000 each for their appearances in the eviction case. They also seek punitive damages of $272,000 for violation of the FDCPA and breach of the "Self Executing Contract" (ECF No. 1, PageID.2). In a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938). When determining whether the amount in controversy has been satisfied, courts examine the complaint at the time it was filed. *Worthams v. Atlanta Life Ins. Co.,* 533 F.2d 994, 997 (6th Cir.1976). Jurisdiction, once established, cannot be destroyed by a subsequent change in events. *Id.*

Punitive damages, also referred to as exemplary damages, are included in the calculation of the amount in controversy. *See Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir.1990). However, punitive damages are not available under the FDCPA. *See* 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure" and "additional damages as the court may allow, but not exceeding $1,000").

Under Michigan law, exemplary damages may be recovered for breach of contract only when there has been tortious conduct independent of the breach. *See Kewin v. Massachusetts Mut. Life Ins. Co.,* 295 N.W.2d 50, 55 (Mich.1980) (exemplary damages are allowed only to compensate a plaintiff for the humiliation and the indignity resulting from the malicious and wanton conduct). Plaintiff's breach of contract claim does not allege fraud, ill will, recklessness, or any of the other aggravating factors necessary to make an award of exemplary damages appropriate.

Even if plaintiffs could make out a claim sufficient to support an award of exemplary damages, they have not shown to a legal certainty that they have a good faith claim that would satisfy the jurisdictional amount. Therefore, plaintiffs' objection is overruled.

III.     Objection 3 - Plaintiffs' Motion for Summary Judgment

Plaintiffs' third objection is that defendants have not provided all the discovery requested, they filed fraudulent documents, and they attempted to collect a disputed debt before it was resolved by the court. None of these arguments address the conclusion in the R&R that plaintiffs have failed to state any viable claims under federal law. This objection is not specific to any of the provisions of the R&R and is therefore overruled.

IV.     Objection 4 - Defendants' Motion for Summary Judgment

In objection 4, plaintiffs argue that the Court has jurisdiction over their billing dispute and they have been harmed by defendants' inaccurate reporting of a debt that has not been validated. This objection does not add anything new for the court to review. The objection is overruled.

V.      Objection 5 - Plaintiffs' Motion for Summary Judgment

Like the previous objection, plaintiffs repeat the argument that defendant failed to provide validation of a debt before trying to collect payment from plaintiffs. This objection does not address the recommendation that plaintiffs' complaint should be dismissed for failing to state any viable claim for relief.

To the extent plaintiffs argue that the Court has subject matter jurisdiction over their breach of contract claim, the Court declines to exercise supplemental jurisdiction over the sole state law claim, which is dismissed without prejudice.

Now, therefore,

IT IS HEREBY ORDERED that plaintiffs' Objections (ECF No. 69) are OVERRULED.

IT IS HEREBY FURTHER ORDERED that the R&R (ECF No. 65) is Adopted as an Order of the Court.

IT IS HEREBY FURTHER ORDERED that defendants' motion to dismiss (ECF No. 41) is GRANTED.

IT IS HEREBY FURTHER ORDERED that plaintiffs' motion for summary judgment (ECF No. 39) is DENIED.

Dated:   June 12, 2024

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 12, 2024, by electronic and/or ordinary mail and also on the following:

James Theodore Aleck
3326 Broadview Court
Indianapolis, IN 46227

Tia Danielle Fraser
3326 Broadview Court
Indianapolis, IN 46227

s/LaShawn Saulsberry
Deputy Clerk